UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

IN RE SEPTEMBER 11 LITIGATION

Case No.: 21 MC 97 (AKH)

THIS DOCUMENT RELATES TO:

03 CV 6810

Flagg, et al. v. American Airlines, Inc., et. al.

------------------------------------

**NOTICE ADOPTING ANSWER
OF DEFENDANT UNITED AIR LINES, INC. TO PLAINTIFFS'
FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT**

PLEASE TAKE NOTICE THAT defendant UNITED AIR LINES, INC. hereby adopts its Answer to Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint as its Answer to the Complaint in the above-captioned action.

WHEREFORE, defendant UNITED AIR LINES, INC. respectfully requests that the Complaint be dismissed, with costs, attorneys' fees, disbursements, and such other relief as the Court deems just and proper or, if such relief not be granted, then that its liability be limited or reduced as prayed.

Dated:     New York, New York
           November 12, 2007

QUIRK AND BAKALOR, P.C.

By: _____
    Jeffrey J. Ellis (JJE 7796)
A Member of the Firm
Attorneys for Defendant
UNITED AIR LINES, INC.
845 Third Avenue, 15th Floor
New York, New York  10022
Tel.: (212) 319-1000
Fax: (212) 319-1065

And

MAYER BROWN, LLP
Michael Rowe Feagley
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 701-7065
Facsimile:  (312) 706-8623

TO:

Donald Migliori, Esq.
MOTLEY RICE, LLC
*Individual    Plaintiff's    Counsel    and*
*Plaintiffs' Liaison Counsel*
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC  29465
Tel.: (843) 216-9000

Marc S. Moller, Esq.
KREINDLER & KREINDLER
*Plaintiffs' Liaison Counsel*
100 Park Avenue
New York, NY  10017-5590
Tel.: (212) 687-8181

Robert A. Clifford, Esq.
CLIFFORD LAW OFFICES
*Property  Damage  &  Business  Loss*
*Plaintiffs' Liaison Counsel*
120 LaSalle Street, 31st Floor
Chicago, IL 60602
Tel.: (312) 899-9090

Beth Goldman, Esq.
U.S. Department of Justice
U.S. Attorney's Office, Southern District
86 Chambers Street
New York, NY 10007
Tel.: (212) 637-2732

Desmond T. Barry, Jr., Esq.
CONDON & FORSYTH, LLP
*Defendants' Liaison Counsel*
685 Third Avenue
New York, NY  10017
Tel.: (212) 490-9100

Richard A. Williamson, Esq.
FLEMMING ZULACK WILLIAMSON
ZAUDERER, LLP
*Ground Defendants' Liaison Counsel*
One Liberty Plaza
New York, NY 10006
Tel.: (212) 412-9500

Beth D. Jacobs, Esq.
SCHIFF HARDIN LLP
*WTC7 Ground Defendants' Liaison Counsel*
900 Third Avenue
New York, NY 10022
Tel.: (212) 753-5000

ALL DEFENSE COUNSEL BY ELECTRONIC MAIL SERVICE

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

Index No.                    Year
21 MC 97 (AKH)

IN RE SEPTEMBER 11TH LITIGATION

This document relates to:

*Flagg, et al. v. American Airlines, Inc., et. al.*
03-CV-6810

---

**NOTICE OF ADOPTION**

---

QUIRK AND BAKALOR, P.C.
UNITED AIR LINES INC.

*Attorney(s) for*

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

---

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                              at            M.

Dated,

of which the within is a true copy
one of the judges of the

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

IN RE: SEPTEMBER 11, 2001 LITIGATION          21 MC 97 (AKH)

------------------------------------------------------------------------X

### ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABLITY COMPLAINT

### (THE PENTAGON CRASH)

The Defendants, UNITED AIR LINES, INC. and UAL CORPORATION (hereinafter referred to as "UNITED" and "UAL"), set forth the following as and for their Answer to Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, subject to the prohibition against disclosure of any Sensitive Security Information pursuant to 49 CFR 1520.3, 49 CFR 1520.4 and USC §40119:

### BACKGROUND

UNITED and UAL respond that the background statement in Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint are not allegations that require a response. To the extent Plaintiffs' background statement contains allegations, UNITED and UAL deny each and every allegation set forth in Plaintiffs' background statement and respectfully refer all matters of law set forth therein to the Court, except deny knowledge and information sufficient to form a belief as to each and every allegation directed to American Airlines Flight 77 and the other named Defendants.

### JURISDICTION AND VENUE

1.      Deny knowledge and information sufficient to form a belief as to each and every allegations set forth in paragraph "1"of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth

therein to the Court, except admit that Public Law 107-42, "The Air Transportation Safety and System Stabilization Act" establishes that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."

2.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "2" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

3.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "3" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE PARTIES

4.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "4" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

5.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "5" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

**AMERICAN AIRLINES**

6.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "6" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

7.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "7" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

8.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "8" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

9.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "9" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

10.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "10" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

11.      Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "11" of Plaintiffs' Fourth Amended Flight

77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

       12.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "12" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

### OTHER AIRLINE DEFENDANTS

       13.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "13" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "AIRTRAN was jointly, severally and contractually liable by and through its agents, employees and contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

       14.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "14" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "ACA was jointly, severally and contractually liable by and through its agents, employees and contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

       15.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "15" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "CONTINENTAL was jointly, severally and contractually liable by and through its agents, employees and

contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

16.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "16" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "DELTA was jointly, severally and contractually liable by and through its agents, employees and contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

17.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "17" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "NATIONAL was jointly, severally and contractually liable by and through its agents, employees and contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

18.    Deny each and every allegation set forth in paragraph "18" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

19.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "19" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, except deny the allegation that "U.S. AIRWAYS was

jointly, severally and contractually liable by and through its agents, employees and contractors for maintaining the airline and airport security system at Dulles Airport" and respectfully refer all matters of law set forth therein to the Court.

20.    Deny each and every allegation set forth in paragraph "20" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE SECURITY COMPANY DEFENDANTS

21.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "21" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

22.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "22" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

23.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "23" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

24.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "24" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

25.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "25" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## MWAA

26.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "26" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

27.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "27" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## THE BOEING DEFENDANT

28.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "28" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

29.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "29" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

30.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "30" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## **GENERAL ALLEGATIONS**

31.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "31" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

32.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "32" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

33.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "33" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

34.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "34" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

35.    Deny each and every allegation set forth in paragraph "35" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer

all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

36.    Deny each and every allegation set forth in paragraph "36" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

37.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "37" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

38.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "38" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

39.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "39" of Plaintiffs' Fourth Amended Flight

77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

40.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "40" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

41.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "41" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

42.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "42" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

43.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "43" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

44.     Deny each and every allegation set forth in paragraph "44" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

45.     Deny each and every allegation set forth in paragraph "45" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that meetings were held during which airport security was sometimes discussed.

46.     Deny each and every allegation set forth in paragraph "46" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

47.     Deny each and every allegation set forth in paragraph "47" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

48.    Deny each and every allegation set forth in paragraph "48" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

49.    Deny each and every allegation set forth in paragraph "49" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

50.    Deny each and every allegation set forth in paragraph "50" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

51.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "51" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

52.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "52" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

53.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "53" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

54.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "54" of Plaintiffs' Fourth Amended Flight

77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

55.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "55" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

56.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "56" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

57.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "57" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

58.     Deny each and every allegation set forth in paragraph "58" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

### COUNT ONE

**CLAIMS FOR PERSONAL INJURIES, WRONGFUL
DEATH AND SURVIVAL DAMAGES AGAINST
AMERICAN, THE SECURITY COMPANY DEFENDANTS
AND MWAA, BASED ON NEGLIGENCE, NEGLIGENCE
PER SE, RECKLESS CONDUCT AND CONSCIOUS
DISREGARD FOR RIGHTS AND SAFETY**

59.     Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth

Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "58" inclusive, with the same force and effect as through more fully set forth at length herein.

60.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "60" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

61.    Deny each and every allegation set forth in paragraph "61" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

62.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "62" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

63.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "63" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

64.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "64" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

65.    Deny each and every allegation set forth in paragraph "65" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT TWO

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE OTHER AIRLINE DEFENDANTS ON NEGLIGENCE

66.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "65" inclusive, with the same force and effect as through more fully set forth at length herein.

67.    Deny each and every allegation set forth in paragraph "67" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

68.    Deny each and every allegation set forth in paragraph "68" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International

15

Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

69.    Deny each and every allegation set forth in paragraph "69" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

70.    Deny each and every allegation set forth in paragraph "70" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

71.    Deny each and every allegation set forth in paragraph "71" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

72.    Deny each and every allegation set forth in paragraph "72" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

**COUNT THREE**

**CLAIMS FOR PERSONAL INJURIES, WRONGFUL
DEATH AND SURVIVAL DAMAGES AGAINST
AMERICAN, THE OTHER AIRLINE DEFENDANTS AND
MWAA BASED ON NEGLIGENT SELECTION**

73.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "72" inclusive, with the same force and effect as through more fully set forth at length herein.

16

74.     Deny each and every allegation set forth in paragraph "74" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

75.     Deny each and every allegation set forth in paragraph "75" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

76.     Deny each and every allegation set forth in paragraph "76" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

77.     Deny each and every allegation set forth in paragraph "77" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

78.     Deny each and every allegation set forth in paragraph "78" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

79.     Deny each and every allegation set forth in paragraph "79" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

80.    Deny each and every allegation set forth in paragraph "80" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

81.    Deny each and every allegation set forth in paragraph "81" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

82.    Deny each and every allegation set forth in paragraph "82" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT FOUR

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES BASED ON RES IPSA LOQUITUR AGAINST ALL DEFENDANTS

83.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "82" inclusive, with the same force and effect as through more fully set forth at length herein.

84.    Deny each and every allegation set forth in paragraph "84" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED was authorized to transport passengers by the Department of Transportation and the Federal Aviation Administration and to operate its flights from Dulles International Airport in accordance with Federal Aviation laws and regulations and to implement plans or procedures required by same.

85.    Deny each and every allegation set forth in paragraph "85" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT FIVE

### CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST AMERICAN BASED ON ABSOLUTE LIABILITY UNDER THE WARSAW CONVENTION AND THE IATA AGREEMENT

86.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "85" inclusive, with the same force and effect as through more fully set forth at length herein.

87.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "87" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

88.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "88" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

89.    Deny knowledge and information sufficient to form as belief as to each and every allegation set forth in paragraph "89" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT SIX

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAISNT DEFENDANT BOEING BASED ON <u>STRICT TORT LIABILITY</u>

90.     Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "89" inclusive, with the same force and effect as through more fully set forth at length herein.

91.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "91" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

92.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "92" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

93.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "93" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

94.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "94" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

95.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "95" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT SEVEN

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

96.     Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "95" inclusive, with the same force and effect as through more fully set forth at length herein.

97.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "97" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

98.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "98" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

99.     Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "99" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

100.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "100" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

101.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "101" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

102.   Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "102" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT EIGHT

## CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

103.   Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "102" inclusive, with the same force and effect as through more fully set forth at length herein.

104.   Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "104" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to

the Court, except admit that the subject aircraft was certified to meet FAA airworthiness standards.

105.    Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "105" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that the subject aircraft was certified to meet FAA airworthiness standards.

106.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "106" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

107.    Deny knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraph "107" of Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

**COUNT NINE**

**CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS AGAINST ALL DEFENDANTS**

108.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "107" inclusive, with the same force and effect as through more fully set forth at length herein.

109.    Deny each and every allegation set forth in paragraph "109" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court, except admit that UNITED had a duty to operate its flight in accordance with Federal Aviation Laws and Regulations and to implement its security plans or procedures required by same.

110.    Deny each and every allegation set forth in paragraph "110" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

111.    Deny each and every allegation set forth in paragraph "111" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

112.    Deny each and every allegation set forth in paragraph "112" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

113.    Deny each and every allegation set forth in paragraph "113" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

114.    Deny each and every allegation set forth in paragraph "114" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

115.    Deny each and every allegation set forth in paragraph "115" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## COUNT TEN

## CLAIM FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

116.    Defendants UNITED and UAL repeat, reiterate and reallege each and every response heretofore made to each and every paragraph of Plaintiffs' Fourth Amended Flight 77 Master Complaint, designated as paragraphs numbered "1" through "115" inclusive, with the same force and effect as through more fully set forth at length herein.

117.    Deny each and every allegation set forth in paragraph "117" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

118.    Deny each and every allegation set forth in paragraph "118" of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and respectfully refer all matters of law set forth therein to the Court.

## AS AND FOR A FIRST DEFENSE

119.    Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint fails to allege facts sufficient to state an actionable cause of action against UNITED and UAL.

## AS AND FOR A SECOND DEFENSE

120.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001, and limits the amount of damages recoverable from UNITED and UAL to the amount of their liability insurance coverage.

121.    To the extent that Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint asserts a cause of action other than that provided for by the aforestated legislation, such cause of action must be dismissed as a matter of law.

### AS AND FOR A THIRD DEFENSE

122.    Plaintiffs' alleged damages were caused by the unforeseeable, intervening and/or superseding criminal acts of third parties, who were not under the care, custody, control, or supervision of UNITED and UAL and therefore, UNITED and UAL cannot be held liable for said damages.

### AS AND FOR A FOURTH DEFENSE

123.    That the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. Section 1301, et. seq., now recodified and incorporated into 49 U.S.C. 40101, et. seq., together with the amendments to same and the regulations promulgated thereunder, establish the uniform and exclusive standards that air carriers must follow with respect to aviation safety and security and such federal standards implicitly preempt any State common law or statutory standards purporting to govern same.

124.    UNITED's and UAL's compliance with the aforesaid federal standards precludes a finding of liability against them.

### AS AND FOR A FIFTH DEFENSE

125.    That if any of Plaintiffs' claims relate to rates, routes or services as set forth in the 1978 Airline Deregulation Act, formerly codified as 49 U.S.C. 1305, now recodified and incorporated into 49 U.S.C. 41713(b)(1), then Plaintiffs' right to assert such claims are preempted by same.

## AS AND FOR A SIXTH DEFENSE

126.    That if the Plaintiffs intend to assert that common law or statutory law of the individual States requires air carrier to implement security procedures that are different from the obligations imposed by the aforestated federal statutes and regulations, that claim must be dismissed since it would constitute an unconstitutional burden on interstate air commerce.

## AS AND FOR A SEVENTH DEFENSE

127.    That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," the liability of UNITED and UAL shall be limited to their equitable share of their fault, and/or proportionate share, if any, to be determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability claimed by Plaintiffs in accordance with the applicable State law.

## AS AND FOR AN EIGHTH DEFENSE

128.    That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," any claim for past or future costs or expenses incurred or to be incurred for loss of earnings or other economic loss must be reduced by the amount of same that has been or can be replaced or indemnified in whole or in part by collateral sources in accordance with the applicable State law.

## AS AND FOR A NINTH DEFENSE

129.   That to the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then in accordance with the provisions of Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," if Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the death of Plaintiffs' decedent, Plaintiffs' damages, if any, otherwise recoverable against UNITED and UAL must be reduced by the greater of the amount stipulated by the release or the covenant, the amount of the consideration paid for it, or the amount of any released tortfeasor's equitable share of recoverable damages in accordance with the applicable State law.

## AS AND FOR A TENTH DEFENSE

130.   That if a claim has been filed or submitted on behalf of any Plaintiff's decedent with the "September 11[th] Victim Compensation Fund of 2001" as provided for by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," then the right to file a civil action in this Court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001 has been waived.

## AS AND FOR AN ELEVENTH DEFENSE

131.   That Plaintiffs' "Count Four" subtitled "Claims for Personal Injuries, Wrongful Death and Survival Damages Based on Res Ipsa Loquitor," fails to state a claim upon which relief can be granted.

## AS AND FOR A TWELFTH DEFENSE

132.    Since UNITED and UAL were not in actual possession of the aircraft at the time of the crash, UNITED's and UAL's liability is limited pursuant to 49 U.S.C.A. §44112 (2002).

## AS AND FOR A THIRTEENTH DEFENSE

133.    That the liability of UNITED and UAL is limited in that it cannot exceed that which is set forth in any stipulations, orders and/or judgments entered by the United States Bankruptcy Court for the Northern District of Illinois, the provisions of any stipulations, orders or judgments of the Bankruptcy Court are binding on the parties to this litigation.

## AS AND FOR A FOURTEENTH DEFENSE

134.    That the Fourth Amended Flight 77 Master Liability Complaint and/or each individual wrongful death and/or personal injury complaint should be dismissed on the ground that no action may be maintained against UNITED and/or UAL because of the Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, *In re: UAL Corporation et. al.,* Case No. 02B48191 (Bankr. N.D. Ill. Jan. 20, 2006), and the provisions therein, including specifically Section X.B., Discharge of Claims and Termination of Interests, which permanently enjoined and discharged all claims against UNITED and UAL as a reorganized debtor, except to the extent that certain Plaintiffs asserting a claim are subject to any Stipulation and Agreed Order Concerning the Debtor's Objections by certain 9/11 claimants in the Bankruptcy

Court, and those certain Plaintiffs' recovery is limited to available insurance proceeds.

## AS AND FOR A FIFTEENTH DEFENSE

135.    Plaintiffs and/or the decedents' next of kin named as claimants in the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint lack capacity and/or standing to maintain this action.

## AS AND FOR A SIXTEENTH DEFENSE

136.    Plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by UNITED and as such, UNITED owed no duty to Plaintiffs as a matter of law and cannot be held liable for Plaintiffs' alleged damages.

## AS AND FOR A SEVENTEENTH DEFENSE

137.    The Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint and all causes of action therein should be dismissed on the ground that Plaintiffs have failed to join all necessary and indispensable parties.

## AS AND FOR AN EIGHTEENTH DEFENSE

138.    Plaintiffs' claims for punitive damages are barred because the applicable Federal and/or State laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because the applicable Federal and/or State laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without requisite protection and procedural safeguards, violate the Fifth and Fourteenth Amendments of the United States Constitution and counterpart clauses of the applicable State

Constitutions as well as any Excessive Fines Clauses, and place an unreasonable burden on interstate commerce.

### AS AND FOR A NINTEENTH DEFENSE

139.    Damages, compensatory or punitive, may be barred or limited by applicable State law as may be derived by this Court form Virginia law, including its choice of law principles.

### AS AND FOR A TWENTIETH DEFENSE

140.    Plaintiffs' claims for punitive damages must be dismissed or limited pursuant to the Order of this Court dated July 3, 2007.

### AS AND FOR A TWENTY-FIRST DEFENSE

141.    That if it is determined that Plaintiffs' accident occurred in a manner so as to render UNITED and UAL liable pursuant to the terms of the Warsaw Convention and any special agreements or protocols modifying same, the Defendants, UNITED and UAL assert that UNITED took all necessary measures to avoid the damages alleged.

### AS AND FOR A TWENTY-SECOND DEFENSE

142.    This Court lacks jurisdiction over Defendants UNITED and UAL due to the improper service of process of a Plaintiff's individual complaint.

### AS AND FOR A TWENTY-THIRD DEFENSE

143.    The alleged damages complained of were caused by the negligence or intentional conduct of parties other than UNITED and UAL and for whom UNITED and UAL are not responsible; therefore, UAL and UNITED are not liable to Plaintiffs

or, in the alternative UNITED and UAL's liability to Plaintiffs, if any, should be reduced in accordance with applicable law.

### AS AND FOR A TWENTY-FOURTH DEFENSE

144.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of UNITED and UAL, their agents, or employees.

### AS AND FOR A TWENTY- FIFTH DEFENSE

145.    UNITED and UAL are not liable to Plaintiffs because UNITED and UAL complied with all applicable government regulations in effect at the time of the events described in the Fourth Amended Flight 77 Master Liability Complaint.

### AS AND FOR A TWENTY-SIXTH DEFENSE

146.    Plaintiffs' claims are barred by the applicable Statute of Limitations.

### AS AND FOR A TWENTY-SEVENTH DEFENSE

147.    UNITED and UAL are not liable for damages caused through the fault of any other parties or non-parties, including damages caused by terrorists.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

148.    These Defendants' role in implementing federal security measures was limited.  If other parties and/or entities responsible for other component parts of that system failed to identify, assess appropriately or communicate the information and direction needed to prevent the hijacking of Flight 77 by terrorists who planned to use it as a missile, then any liability finding against these Defendants would be precluded as a matter of law and fact.

### AS AND FOR A TWENTY-NINTH DEFENSE

149.    To the extent that Plaintiffs are entitled to claim any damages under applicable law, such damages are not recoverable in accordance with the applicable law from Defendants that have provided minimal security measures in response to reasonably foreseeable threats.   Since the security measures implemented by the Defendants in accordance with federal law far exceeded the minimal measures required of private parties under the applicable law, Plaintiffs are precluded from any recovery whatsoever.

### AS AND FOR A THIRTIETH DEFENSE

150.    The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation.  UNITED and UAL's implementation of the federally mandated aviation security measures assisted the federal government in a police and/or national defense function.  As such, UNITED and UAL are immune from suit and are not liable for the claims herein.

### AS AND FOR A THIRTY-ONE DEFENSE

151.    Plaintiffs' alleged damages were caused by an act of war.

### AS AND FOR A THIRTY-SECOND DEFENSE

152.    Plaintiffs' claims are barred by the state secrets doctrine.

### AS AND FOR A THIRTY-THIRD DEFENSE

153.    Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by UNITED and UAL to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

## AS AND FOR A THIRTY-FOURTH DEFENSE

154.     To the extent Plaintiff's alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of law, UNITED and UAL cannot be held liable for Plaintiff's alleged damages.

## AS AND FOR A THIRTY-FIFTH DEFENSE

155.     That to the extent that any of the separate defenses to the allegations of the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint asserted herein on behalf of UNITED and UAL are deemed affirmative defenses, they are specifically realleged, reiterated and incorporated herein as affirmative defenses.

## AS AND FOR A THIRTY-SIXTH DEFENSE

156.     UNITED and UAL reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

## NOTICE OF APPLICATION OF FOREIGN LAW

157.     Pursuant to Rule 44.1 of the Federal Rules of Civil Procedures, UNITED and UAL, hereby give notice that issues concerning the law of a foreign country may be raised in this action.

**WHEREFORE,** UNITED and UAL demand judgment dismissing the Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint together with costs and disbursements incurred in defending same or alternatively, demand that a jury apportion the respective culpability of the parties and non-parties and that the Court and/or jury

limit and/or reduce the damages recoverable in accordance with the substantive law set forth herein.

Dated:  November 12, 2007
        New York, New York

                            QUIRK AND BAKALOR, P.C.

                            By: _____
                                JEFFREY J. ELLIS (JJE 7796)

                            A Member of the Firm
                            845 Third Avenue, 15th Floor
                            New York, New York  10022
                            Phone: (212) 319-1000
                            Fax: (212) 319-1065


                                    - AND -

                            MAYER BROWN LLP
                            Michael Rowe Feagley
                            A Member of the Firm
                            71 South Wacker Drive
                            Chicago, Illinois  60606
                            Telephone: (312) 701-7065
                            Facsimile:  (312) 706-8623

                            Attorneys for Defendants
                            UNITED AIR LINES, INC. and
                            UAL CORPORATION.

TO:   **PLAINTIFFS' LIAISON COUNSEL**
      Donald Migliori, Esq.
      Motley Rice, LLC
      28 Bridgeside Boulevard
      P.O. Box 1792
      Mt. Pleasant, SC  29465
      (943) 216-9000

      **PLAINTIFFS' LIAISON COUNSEL**
      Marc S. Moller, Esq.
      Kreindler & Kreindler
      100 Park Avenue
      New York, New York  10017-5590
      (212) 687-8181
      (212) 972-9432 (Fax)

**DEFENDANTS' LIAISON COUNSEL**
Desmond T. Barry, Jr., Esq.
Condon & Forsyth, LLP
685 Third Avenue
New York, New York  10017
(212) 490-9100
(212) 370-4483 (Fax)

**GROUND DEFENDANTS' LIAISON COUNSEL**
Richard A. Williamson, Esq.
Flemming, Zulack Williamson Zauderer, LLP
One Liberty Plaza
New York, New York  10006
(212) 412-9500

**PROPERTY DAMAGE & BUSINESS**
**LOSS LIAISON COUNSEL**
Robert A. Clifford, Esq.
Clifford Law Offices
120 LaSalle Street – 31st Floor
Chicago, Illinois  60602
(312) 899-9090

**WTC7 GROUND DEFENDANTS'**
**LIAISON COUNSEL**
Beth D. Jacobs, Esq.
Schiff Hardin, LLP
900 Third Avenue
New York, New York  10022
(212) 753-5000

Beth Goldman, Assistant U.S. Attorney
Sarah S. Normand, Assistant U.S. Attorney
U.S. Attorneys Office, SDNY
86 Chambers Street
New York, New York  10007
(212) 637-2732
(212) 637-2730

**AND ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index No.        Year

21 MC 97 (AKH)

IN RE SEPTEMBER 11TH LITIGATION

---

**ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER COMPLAINT**

---

QUIRK AND BAKALOR, P.C.

**UNITED AIR LINES INC.**

*Attorney(s) for*   **UAL CORPORATION**

*Office and Post Office Address, Telephone*

845 Third Avenue

NEW YORK, NEW YORK 10022

(212) 319-1000

---

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Attorney(s) for

Dated:

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                                       of which the within is a true copy
will be presented for settlement to the HON.            one of the judges of the
within named Court, at
on                              at                    M.

Dated,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

IN RE: SEPTEMBER 11, 2001 LITIGATION            21 MC 97 (AKH)

-------------------------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                     )ss.:
COUNTY OF NEW YORK )


        KAREN ARTUSA, being duly sworn, deposes and says that deponent is not a

party to the action, is over 18 years of age and resides in Hewlett, New York, and that

on the 13th day of November, 2007, deponent served the within **ANSWER OF**

**DEFENDANTS UNITED AIRLINES, INC. and UAL CORPORATION TO**

**PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT** by

transmitting a copy of the following persons by e-mail at the e-mail address set forth

after each name below, which was designated by the attorney for such purpose:

PLAINTIFFS' LIAISON COUNSEL
Donald Migliori, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC  29465
dmigliori@motleyrice.com

PLAINTIFFS' LIAISON COUNSE.
Marc S. Moller, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY  10017-5590
mmoller@kreindler.com

DEFENDANTS' LIAISON COUNSEL
Desmond T. Barry, Esq.
Condon & Forsyth
7 Times Square
New York, New York  10036
DBarry@condonlaw.com

GROUND DEFENDANTS'
LIAISON COUNSEL
Richard A. Williamson, Esq.
Flemming Zulack Williamson Zauderer
One Liberty Plaza
New York, NY  10006
rwilliamson@fzwz.com

PROPERTY DAMAGE &
BUSINESS LOSS LIAISON COUNSEL
Robert A. Clifford, Esq.
Clifford Law Offices
120 LaSalle Street – 31st Floor
Chicago, Illinois  60602
rac@cliffordlaw.com

Beth Goldman, Assistant U.S. Attorney
Sarah S. Normand, Assistant U.S. Attorney
U.S. Attorneys Office, SDNY
86 Chambers Street
New York, New York  10007
beth.goldman@usdoj.gov
sarah.normand@usdoj.gov

WTC7 GROUND DEFENDNATS'
LIAISAON COUNSEL
Beth D. Jacobs, Esq.
Schiff Hardin, LLP
900 Third Avenue
New York, NY  10022
bjacob@schiffhardin.com


_____
Karen Artusa

Sworn to before me this
13th day of November, 2007

_____
     NOTARY PUBLIC


Glenda Y. Villareal
Notary Public State of New York
No. 02VI6157898
Qualified in Queens County
Commission Expires 12/11/2010