UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::: 21 MC 97 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION     :   This Document Relates to:
:   03-CV-06810
:   Flagg v. American Airlines, Inc., et al.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# NOTICE ADOPTING MASTER ANSWER OF DEFENDANT THE BOEING COMPANY TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT

PLEASE TAKE NOTICE THAT defendant THE BOEING COMPANY ("BOEING") hereby adopts its Master Answer to Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint as its Answer to the Complaint in the above-captioned action. BOEING hereby denies all allegations not specifically and expressly admitted in their Master Answer to Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint.

WHEREFORE, defendant BOEING respectfully requests that the Complaint be dismissed, with costs, attorneys' fees, disbursements, and such other relief as the Court deems just and proper or, if such relief not be granted, then that their liability be limited or reduced as prayed.

Dated:  Seattle, Washington
        November 13, 2007

**PERKINS COIE LLP**

By   /s/ Eric S. Lent
     Thomas J. McLaughlin (pro hac vice)
     Mack H. Shultz, Jr. (pro hac vice)
     Eric S. Lent (EL-0144)
     1201 Third Avenue, Suite 4800
     Seattle, Washington 98101-3099
     Telephone: (206) 359-8000
     Facsimile:  (206) 359-9000

01038-9996/LEGAL13731826.1

-and-

**RICHARDS KIBBE & ORBE LLP**
Brian S. Fraser (BF-0114)
Neil S. Binder (NB-0959)
One World Financial Center, 29th Floor
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Defendant The Boeing Company

TO:  Mary F. Schiavo, Esq.
Donald Migliori, Esq.
MOTLEY RICE
28 Bridgeside Blvd.
Mount Pleasant, SC 29465

Attorneys for Plaintiff
MARCUS FLAGG

PD/BL PLAINTIFFS' LIAISON COUNSEL
PI/WD PLAINTIFFS' LIAISON COUNSEL
GROUND DEFENDANTS' LIAISON COUNSEL
7 WTC GROUND DEFENDANTS' LIAISON COUNSEL
AVIATION DEFENDANTS' LIAISON COUNSEL
U.S. ATTORNEY'S OFFICE

## CERTIFICATE OF SERVICE

I, Eric S. Lent, certify that on November 13, 2007, a copy of DEFENDANT THE BOEING COMPANY'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT and NOTICE ADOPTING THE BOEING COMPANY'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT were served by electronic transmission upon the below-listed parties:

TO:   Mary F. Schiavo, Esq.
      Donald Migliori, Esq.
      MOTLEY RICE
      28 Bridgeside Blvd.
      Mount Pleasant, SC 29465

      Attorneys for Plaintiff
      MARCUS FLAGG

1.   Mary F. Schiavo, Esq. – Counsel for Plaintiff Marcus Flagg;
2.   Donald Migliori, Esq. – Counsel for Plaintiff Marcus Flagg;
3.   Marc S. Moller, Esq. and Brian J. Alexander, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
4.   Donald A. Migliori, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel
5.   Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
6.   Richard Williamson, Esq. and M. Bradford Stein, Esq. – Ground Defendants' Liaison Counsel;
7.   Beth Jacob, Esq. – WTC 7 Ground Defendants' Liaison Counsel;
8.   Beth Goldman, Esq. – U.S. Attorneys' Office; and
9.   Desmond T. Barry, Esq. – Aviation Defendants' Liaison Counsel

   by e-mailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

                                               /s/ Eric S. Lent
                                                  Eric S. Lent

Thomas J. McLaughlin (pro hac vice)
Mack H. Shultz Jr. (pro hac vice)
Eric S. Lent (EL-0144)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000

Brian S. Fraser (BF-0114)
Neil S. Binder (NB-0959)
RICHARDS KIBBE & ORBE LLP
One World Financial Center, 29th Floor
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Defendant
The Boeing Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE SEPTEMBER 11, 2001 LITIGATION | NO. 21 MC 97 (AKH) |
|---|---|

### DEFENDANT THE BOEING COMPANY'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT

Defendant The Boeing Company ("Boeing") submits the following answer to Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint, dated August 1, 2007 (the "Fourth Amended Master Complaint"):

### BACKGROUND

Plaintiffs' unnumbered "Background" statement (Fourth Amended Master Complaint pages 1-3) contains legal arguments to which no response is required and none is given. To the extent, if any, that a response is deemed necessary, Boeing admits that it designs and manufactures commercial airplanes, except for those parts of the airplanes that were designed and/or manufactured by others. However, to the extent any other factual allegations contained in

plaintiffs' "Background" statement relate to Boeing, Boeing denies them. To the extent these allegations are directed to defendants other than Boeing, Boeing makes no response to them.

## JURISDICTION AND VENUE

1. Boeing states that the allegations in paragraphs 1 and 3 assert conclusions of law to which no response is required and none is given.

2. The allegations in paragraph 2 of the Fourth Amended Master Complaint are not directed to Boeing, and Boeing therefore makes no response to them.

## THE PARTIES

3. Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4 and 5.

### "AMERICAN AIRLINES"

4. The allegations in paragraphs 6, 7, 8, 9, 10, 11 and 12 are not directed to Boeing, and Boeing therefore makes no response to them.

### "OTHER AIRLINE DEFENDANTS"

5. The allegations in paragraphs 13, 14, 15, 16, 17, 18, 19, and 20 are not directed to Boeing, and Boeing therefore makes no response to them.

### "THE SECURITY COMPANY DEFENDANTS"

6. The allegations in paragraphs 21, 22, 23, 24, and 25 are not directed to Boeing, and Boeing therefore makes no response to them.

### "MWAAA"

7. The allegations in paragraphs 26 and 27 are not directed to Boeing, and Boeing therefore makes no response to them.

### "THE BOEING DEFENDANT"

8. Answering the allegations in paragraph 28, Boeing admits that it is a corporation. The allegations in paragraph 28 regarding Boeing's "principal place of business" constitute a legal conclusion to which no response is required and none is given. To the extent, if any, that a

response is deemed required, Boeing states that it is now and was at the time this action was commenced a corporation organized under the laws of the State of Delaware having its World Headquarters in the State of Illinois and major operations in the States of Washington, California, Missouri and Kansas.

9. Answering the allegations of paragraph 29, Boeing admits that it designs, manufactures, and sells commercial airplanes, except for those parts of the airplanes that were designed and/or manufactured by others.

10. Answering the allegations of paragraph 30, Boeing admits that it designed and manufactured the subject Boeing 757 airplane, registration number N644AA, except for those parts of the airplane that were designed and/or manufactured by others.

## GENERAL ALLEGATIONS

11. The allegations contained in paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50 are not directed to Boeing, and Boeing therefore makes no response to them. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

12. Boeing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 51, 52, 53, 54, 55, 56, and 57.

13. Paragraph 58 contains legal conclusions to which no response is required and none is given. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

## COUNT ONE
### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST AMERICAN, THE SECURITY COMPANY DEFENDANTS AND MWAA, BASED ON NEGLIGENCE, NEGLIGENCE PER SE, RECKLESS CONDUCT, AND CONSCIOUS DISREGARD FOR RIGHTS AND SAFETY

14. Answering paragraph 59, Boeing incorporates herein by reference its responses to paragraphs 1 through 58 of the Fourth Amended Master Complaint.

15. The allegations in paragraph 60, 61, 62, 63, 64, and 65 are not directed to Boeing, and Boeing therefore makes no response to them. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

### COUNT TWO
### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE OTHER AIRLINE DEFENDANTS BASED ON NEGLIGENCE

16. Answering paragraph 66, Boeing incorporates herein by reference its responses to paragraphs 1 through 65 of the Fourth Amended Master Complaint.

17. The allegations in paragraphs 67, 68, 69, 70, 71, and 72 are not directed to Boeing, and Boeing therefore makes no response to them. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

### COUNT THREE
### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST AMERICAN, THE OTHER AIRLINE DEFENDANTS AND MWAA BASED ON NEGLIGENT SELECTION

18. Answering paragraph 73, Boeing incorporates herein by reference its responses to paragraphs 1 through 72 of the Fourth Amended Master Complaint.

19. The allegations in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, and 82 are not directed to Boeing, and Boeing therefore makes no response to them. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

### COUNT FOUR
### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES BASED ON RES IPSA LOQUITUR AGAINST ALL DEFENDANTS

20. Answering paragraph 83, Boeing incorporates herein by reference its responses to paragraphs 1 through 82 of the Fourth Amended Master Complaint.

21. Answering paragraphs 84 and 85, Boeing states that the Court has dismissed this Count as against Boeing, and therefore Boeing makes no response to it. To the extent that a response is deemed required, Boeing denies the allegations.

## COUNT FIVE
### CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST AMERICAN BASED ON ABSOLUTE LIABILITY UNDER THE WARSAW CONVENTION AND THE IATA AGREEMENT

22. Answering paragraph 86, Boeing incorporates herein by reference its responses to paragraphs 1 through 85 of the Fourth Amended Master Complaint.

23. The allegations contained in paragraphs 87, 88, and 89 are not directed to Boeing, and Boeing therefore makes no response to them.

## COUNT SIX
### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON STRICT TORT LIABILITY

24. Answering paragraph 90, Boeing incorporates herein by reference its responses to paragraphs 1 through 89 of the Fourth Amended Master Complaint.

25. Answering paragraphs 91, 92, 93, 94, and 95 Boeing states that the Court has dismissed this Count as against Boeing, and therefore Boeing makes no response to it. To the extent, if any, that a response is required, Boeing denies the allegations.

## COUNT SEVEN
### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

26. Answering paragraph 96, Boeing incorporates herein by reference its responses to paragraphs 1 through 95 of the Fourth Amended Master Complaint.

27. The allegations contained in paragraphs 97, 98, 99, 100, 101, and 102 assert conclusions of law to which no response is required and none is given. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

## COUNT EIGHT
### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

28. Answering paragraph 103, Boeing incorporates herein by reference its responses to paragraphs 1 through 102 of the Fourth Amended Master Complaint.

29.     The allegations in paragraphs 104, 105, 106, and 107 assert conclusions of law to which no response is required and none is given. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

### COUNT NINE
### CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

30.     Answering paragraph 108, Boeing incorporates herein by reference its responses to paragraphs 1 through 107 of the Fourth Amended Master Complaint.

31.     The allegations in paragraphs 109, 110, 111, 112, 113, 114, and 115 assert conclusions of law to which no response is required and none is given. To the extent, if any, that a response is deemed required, Boeing denies the allegations.

### COUNT TEN
### CLAIM FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

32.     Answering paragraph 116, Boeing incorporates herein by reference its responses to paragraphs 1 through 115 of the Fourth Amended Master Complaint.

33.     Answering paragraphs 117 and 118, Boeing denies the allegations and states that the Court has ordered, as Virginia law requires, that liability for any such damages be limited to $350,000 in the aggregate from all defendants.

### ALL COUNTS

34.     Any allegation of the Fourth Amended Master Complaint not expressly responded to above is deemed denied by Boeing.

### AFFIRMATIVE DEFENSES

By way of further answer to plaintiffs' Fourth Amended Master Complaint, Boeing asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

35.     The Fourth Amended Master Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent plaintiffs' Fourth Amended Master Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

37. Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding acts of third parties, for which Boeing is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

38. The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301, et seq. now recodified and incorporated into 49 U.S.C. § 40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that airplane manufacturers must follow for aviation safety and security, and these federal standards preempt state law design standards which plaintiffs allege that Boeing violated. Boeing complied with these federal standards, and the subject airplane was certified as airworthy by the Federal Aviation Administration, thus precluding a finding of liability against Boeing.

## FIFTH AFFIRMATIVE DEFENSE

39. Boeing hereby places at issue the negligence, fault and responsibility of all persons and entities who may have contributed in any degree to the injuries, damages and/or losses alleged to have been sustained by plaintiffs, in proportion to each person's degree of negligence, fault or responsibility. Judgement, if any, against Boeing should be reduced to an amount that represents its proportionate share of plaintiffs' total damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiffs and/or the decedents' next of kin named as claimants in the Fourth Amended Master Complaint may lack capacity and/or standing to maintain this action.

## SEVENTH AFFIRMATIVE DEFENSE

41. To the extent that plaintiffs' claims are based on common law or statutory law of the individual States requiring airplane manufacturers to design airplanes to standards different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto, they are barred by Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

## EIGHTH AFFIRMATIVE DEFENSE

42. Recovery by plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiffs in accordance with the applicable State law as may be derived by this Court from Virginia law, including its choice of law principles.

## NINTH AFFIRMATIVE DEFENSE

43. Boeing's liability, if any, must be limited to its proportionate share in accordance with the applicable State law as may be derived by this Court from Virginia law, including its choice of law principles.

## TENTH AFFIRMATIVE DEFENSE

44. If plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable against Boeing must be reduced in accordance with the applicable State law as may be derived by this Court from Virginia law, including its choice of law principles.

### ELEVENTH AFFIRMATIVE DEFENSE

45.     Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if a claim on behalf of plaintiffs' decedents has been filed with the "September 11th Victims Compensation Fund of 2001," plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

### TWELFTH AFFIRMATIVE DEFENSE

46.     Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the amount of damages recoverable from Boeing shall not be in an amount greater than the limits of liability insurance coverage maintained by Boeing.

### THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiffs have failed to join all necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

48.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Commerce Clause, the Equal Protection Clause, the Privileges and Immunities Clause and the Excessive Fines Clause of the United States Constitution, and the counterpart clause(s) of the applicable State constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

49.     The imposition of punitive damages against Boeing in this litigation may be barred by Washington law.

### SIXTEENTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' claims may be barred by applicable statues of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

51. The injuries and damages alleged in the Fourth Amended Master Complaint occurred, in whole or in part, as a result of the intentional, knowing, or negligent misuse of the subject airplane.

### EIGHTEENTH AFFIRMATIVE DEFENSE

52. To the extent the Fourth Amended Master Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, by the absence of privity between plaintiffs and/or plaintiffs' decedents and Boeing and/or by lack of proper notice to Boeing.

### NINETEENTH AFFIRMATIVE DEFENSE

53. To the extent the Fourth Amended Master Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, because Boeing did not make any warranties to plaintiffs or plaintiffs' decedents with respect to the subject airplane or any of its component parts.

### TWENTIETH AFFIRMATIVE DEFENSE

54. To the extent the Fourth Amended Master Complaint alleges claims based on an alleged breach of warranty, such claims are barred, in whole or in part, because plaintiffs and plaintiffs' decedents are not third-party beneficiaries of any warranties that Boeing may have made.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

55. To the extent the Fourth Amended Master Complaint alleges claims based on an alleged breach of warranty, plaintiffs' rights to recovery, if any, are limited to or precluded by the warranty provisions in Boeing's contract of sale for the product.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

56. If plaintiffs were damaged by products originally sold by Boeing, that product was substantially altered or misused by person and/or entities other than Boeing and over whom Boeing had no control or right of control, without Boeing's knowledge, consent or advice,

following the date of initial manufacture and the sale of such products, and such alteration or misuse proximately caused the events in the Fourth Amended Master Complaint and the resulting damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

57. The design of the subject airplane, and each component thereof that was installed at the time of delivery, was consistent with the "state of the art" at the time of its design and manufacture.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

58. Damages, compensatory and punitive, may be barred or limited by applicable State law as may be derived by this Court from Virginia law, including its choice of law principles.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

59. Plaintiffs' Fourth Amended Master Complaint must be dismissed to the extent that it is based on a right of subrogation, which does not exist under the applicable law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

60. Plaintiffs' alleged damages were caused by an act of war.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

61. Plaintiffs' claims are barred by the state secrets doctrine.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

62. Plaintiffs' Fourth Amended Master Complaint must be dismissed to the extent that relevant evidence required by Boeing to mount its defense is prohibited from disclosure by 14 C.F.R. § 1520 *et seq.* as Sensitive Security Information.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

63. To the extent plaintiffs' Fourth Amended Master Complaint asserts claims for punitive damages, each plaintiffs' recovery is limited to $350,000 in the aggregate from all

defendants due to the Court's Opinion and Order Regarding Punitive and Compensatory Damages dated July 3, 2007, and Va. Code Ann. § 8.01-38.1 (2007).

### THIRTIETH AFFIRMATIVE DEFENSE

64.  To the extent plaintiffs' Fourth Amended Master Complaint asserts claims based on strict tort liability under Virginia law, those claims were dismissed by the Court's September 9, 2003 Opinion and Order Denying Defendants' Motions to Dismiss.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

65.  Plaintiffs' Fourth Amended Master Complaint must be dismissed because the court lacks subject matter jurisdiction over this case because it presents a non-justiciable political question.

Boeing hereby reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery. Nothing contained herein shall be deemed to impose upon Boeing any burden of proof not imposed by applicable substantive law.

WHEREFORE, Boeing demands judgment dismissing the Fourth Amended Master Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief in its favor which this Court deems just and proper under the circumstances.

Dated: November 13, 2007.

**PERKINS COIE** LLP

By _____
Thomas J. McLaughlin (pro hac vice)
Mack H. Shultz, Jr. (pro hac vice)
Eric S. Lent (EL-0144)
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

-and-

**RICHARDS KIBBE & ORBE LLP**
Brian S. Fraser (BF-0114)
Neil S. Binder (NB-0959)
One World Financial Center, 29th Floor
New York, New York 10281-1003
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

Attorneys for Defendant The Boeing Company

## CERTIFICATE OF SERVICE

I, Eric S. Lent, certify that on November 13, 2007, a copy of DEFENDANT THE BOEING COMPANY'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT was served upon the below-listed parties by electronic mail, with a copy by U.S. mail, postage pre-paid, in accordance with the March 2005 Order Creating Property Damage Track and Reorganizing Committees in 21 MC 97 and 21 MC 101:

**PERSONAL INJURY AND WRONGFUL DEATH PLAINTIFFS' LIAISON COUNSEL**

Marc Moller, Esq.
KREINDLER & KREINDLER, LLP
100 Park Avenue
New York, NY 10017
mmoller@kreindler.com

**PROPERTY DAMAGE AND BUSINESS LOSS PLAINTIFFS' LIAISON COUNSEL**

Robert A. Clifford, Esq.
CLIFFORD LAW OFFICES
120 North LaSalle Street
Chicago, IL 60602
rac@cliffordlaw.com; tst@cliffordlaw.com

**ATTORNEYS FOR INTERVENOR THE UNITED STATES OF AMERICA**

Sarah S. Normand, Esq.
Beth Goldman, Esq.
Assistant U.S. Attorneys
Southern District of New York
U.S. DEPARTMENT OF JUSTICE
86 Chambers Street
New York, NY 10007
Sarah.Normand@usdoj.gov;
Beth.Goldman@usdoj.gov

**WTC7 DEFENDANTS' LIAISON COUNSEL**

Beth D. Jacob, Esq.
SCHIFF HARDIN & WAITE
623 Fifth Avenue
New York, NY 10022
wtc7defendants@schiffhardin.com

**AVIATION DEFENDANTS' LIAISON COUNSEL**

Desmond T. Barry, Jr., Esq.
Christopher Christensen, Esq.
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
dbarry@condonlaw.com

**COUNSEL TO WTCP CROSS-CLAIM PLAINTIFFS; GROUND DEFENDANTS' LIAISON COUNSEL**

Richard A. Williamson, Esq.
M. Bradford Stein, Esq.
Jason T. Cohen, Esq.
FLEMMING, ZULACK & WILLIAMSON, LLP
One Liberty Plaza – 35th Floor
New York, NY 10006
21MC101@fzw.com

By: _____
Eric S. Lent